**United States District Court**
For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7

8   ASHLEY MANION, *et al.*,                No. C-13-2996 EMC

9                Plaintiffs,

10      v.                                  **ORDER GRANTING DEFENDANTS
                                            CVS PHARMACY, INC. AND LONGS
11  VINTAGE PHARMACEUTICALS LLC dba         DRUG STORES OF CALIFORNIA
    QUALITEST PHARMACEUTICALS, *et al.*,    LLC'S MOTION TO DISMISS WITH
12                                          LEAVE TO AMEND
                Defendants.
13  _____/       (Docket No. 21)**

14
15

16          Plaintiffs Ashley Manion and Brian Dodd ("Plaintiffs") filed suit against Defendants Vintage

17  Pharmaceuticals LLC d.b.a. Qualitest Pharmaceuticals; Endo Pharmaceuticals, Inc.; Endo

18  Pharmaceuticals Holding, Inc.; Pantheon Inc.; CVS Pharmacy, Inc.; Longs Drug Stores of California

19  LLC; and Does 1 through 100, Inclusive.  Plaintiffs asserted causes of action for strict products

20  liability, negligent design and manufacture, failure to warn, and negligence.  Plaintiffs allege that

21  Manion's use of defective birth control pills that the defendants either manufactured or sold resulted

22  in an unintended pregnancy.

23          Currently pending before the Court is CVS Pharmacy, Inc. and Longs Drug Stores of

24  California LLC's ("CVS") motion to dismiss ("Motion") pursuant to Federal Rule of Civil

25  Procedure 12(b)(6).  CVS asserts that Plaintiffs' claim against it is barred by the statute of

26  limitations under California Code of Civil Procedure Section 340.5.  Having considered the papers

27  and arguments at hearing, the Court **GRANTS** CVS's motion to dismiss with leave to amend, for

28  the reasons set forth below.

**United States District Court**
For the Northern District of California

# I.   FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint on May 23, 2013 in the Superior Court of the State of California for the County of Napa.  *See* Docket No. 1 at 12.  The operative complaint is the First Amended Complaint ("FAC"), filed on June 18, 2013.  *See id.* at 71.  Defendants removed the action to federal court on June 28, 2013.  *See id.* at 1.

In July and August 2011, Manion purchased the birth control pill Tri-Previfem from a CVS Pharmacy in Napa, California and used them.  FAC ¶ 14.  Plaintiffs allege that the packaging of the pills was defective because the packaging was incorrectly rotated 180 degrees, causing a mismatch between the actual sequence of the pills and the sequence indicated on the package.  FAC ¶ 13. This allegedly resulted in Manion taking placebo pills when she should have  been taking active pills.  *Id.*  Plaintiffs allege that, due to this defect, Manion became pregnant unintentionally.  FAC ¶ 15.  Manion gave birth to Plaintiffs' daughter on June 3, 2012.  *Id.*

On September 15, 2011, a recall of Tri-Previfem pills was issued, and CVS was notified of the recall.  FAC ¶ 34.  CVS notified Manion of the recall in a letter via U.S. Mail, dated September 26, 2011.  FAC ¶ 34.

The only cause of action Plaintiffs assert against CVS is for negligence.  Plaintiffs assert that CVS had a legal duty to notify their customers of the recall and notify them that they should not rely on the pills to prevent pregnancy.  FAC ¶ 34.  Plaintiffs assert that CVS breached this duty by failing to notify Plaintiffs until September 26, 2011, eleven days after the recall was issued.  FAC ¶ 35. Plaintiffs assert that this delay was a substantial factor in causing Manion's unintended pregnancy and birth of Plaintiffs' daughter.  FAC ¶ 36.

# II.   DISCUSSION

A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  A defendant may raise a statute of limitations defense in a motion to dismiss if "the running of the statute is apparent on the face of the

complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980).  In considering a motion to dismiss, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

B.      Code Of Civil Procedure Section 340.5

        CVS claims that Plaintiffs' cause of action is barred by the statute of limitations under California Code of Civil Procedure Section 340.5.  Mot. at 3.  Section 340.5 states in relevant part:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. . . .
>
> For the purposes of this section:
>
> (1) "Health care provider" means any person licensed or certified pursuant to Division 2 (commencing with Section 500) of the Business and Professions Code, or . . . .
>
> (2) "Professional negligence" means a negligent act or omission to act by a health care provider in the rendering of professional services . . . provided that such service are within the scope of services for which the provider is licensed . . . .

        CVS first argues that Plaintiffs' negligence claim is governed by Section 340.5 because CVS is a "health care provider" and because the claim is based on CVS's "professional negligence" within the meaning of Section 340.5.  Mot. at 4.  CVS then argues that Plaintiffs discovered Manion's injury – her unintended pregnancy – no later than September 26, 2011 because Plaintiffs were put on inquiry notice by CVS's letter of that date.  *Id*. at 5, 8.  Therefore, CVS argues, the statute of limitations under Section 340.5 ran on September 26, 2012.  *Id*. at 6.  Accordingly, Plaintiffs' action would be barred, because the first complaint was filed on May 23, 2013, nearly six months after the statute of limitations ran.

        If Section 340.5 does not apply, then the statute of limitations is two years, since the action is for "injury to an individual" caused by the "neglect of another." Code Civ. Proc. § 335.1.  Plaintiffs' claim would be within the two-year limitations period.

3

**United States District Court**

For the Northern District of California

1.  Does Section 340.5 Govern?

    a.  Is CVS A "Health Care Provider" Under Section 340.5?

CVS is a "health care provider" within the meaning of Section 340.5.  "Health care provider" includes any person licensed or certified pursuant to Division 2 (commencing with Section 500) of the Business and Professions Code.  Civ. Code § 340.5(1).  Division 2 requires every person conducting a pharmacy in California to be licensed by the California State Board of Pharmacy.  Bus. & Prof. Code §§ 4110, 4018.  CVS has submitted its pharmacy license in a request for judicial notice.  *See* Docket No. 50.

    b.  Is Plaintiffs' Action For "Professional Negligence"?

Plaintiffs assert that their action is for negligence, not professional negligence.  Opp. at 4-5.  Section 340.5 governs if CVS was rendering professional services for which it was licensed, regardless of whether Plaintiffs label their cause of action as "ordinary negligence" or "professional negligence."  *See Hedlund v. Superior Court*, 34 Cal.3d 695 (1983) (Section 340.5 applied to psychologists for failure to warn of the threat their patient posed to plaintiff, despite plaintiff's assertion that the action was for ordinary, not professional, negligence.)

"Courts have broadly interpreted 'in the rendering of professional services,' concluding that a negligent act that occurs in the rendering of services for which the health care provider is licensed is professional negligence."  *Yun Hee So v. Sook Ja Shin*, 212 Cal.App.4th 652, 663 (2013).  Courts have found Section 340.5 governed where the plaintiff was injured in the back of an ambulance when it hit a curb (*Canister v. Emergency Ambulance Serv.*, 160 Cal. App. 4th 388 (2008)); and where the patient fell off an X-ray table while she was left unattended (*Bellamy v. Appellate Department*, 50 Cal.App.4th 797 (1996)).

Courts have held that Section 340.5 does not govern where the defendant's conduct was not for the purpose of delivering health care.  For example, where the defendant doctor showed the plaintiff blood and tissue that had been suctioned from her, for the purpose of persuading her not to report to the hospital that she had awakened during surgery (*Yun Hee So*, 212 Cal.App.4th at 667); or where the doctor induced the plaintiff patient to enter into sexual relations (*Atienza v. Taub*, 194 Cal.App.3d 388 (1987)).

United States District Court

For the Northern District of California

1    CVS was rendering professional services for which it was licensed when it notified Plaintiffs

2    of the Tri-Previfem recall.  "Pharmacy practice is a dynamic patient-oriented health service that

3    applies a scientific body of knowledge to improve and promote patient health by means of

4    appropriate drug use, drug-related therapy, and communication for clinical and consultative

5    purposes."  Bus. and Prof. Code § 4050.  Notifying a patient of a drug's defect is communication to

6    "promote patient health."  The purpose of CVS's conduct was to deliver health care, unlike in the

7    cases where courts have declined to apply Section 340.5.

8    Plaintiffs argue that it would be anomalous to apply Section 340.5 to CVS when CVS was

9    acting as a mere conduit of the manufacturer's recall.  Opp. at 5.  During the hearing, Plaintiffs

10    emphasized that it does not take the skill or experience of a pharmacist or other health care

11    professional to send notices of drug recalls to patients.  Plaintiffs offered that the reason doctors and

12    pharmacists are the ones to send drug recall notices is because, as a practical matter, they are the

13    only ones who have direct communication with patients.

14    Adopting the narrow view of "professional negligence" that Plaintiffs urge would run

15    counter to the broad interpretation courts have given.  The Court is disinclined to find that a

16    pharmacy is rendering professional services for which it is licensed when it dispenses drugs, but not

17    when it informs patients of recalls of those drugs.  As courts have noted, a health care provider may

18    perform a variety of tasks while rendering professional services that require different levels of skill.

19    *See Bellamy v. Appellate Department*, 50 Cal.App.4th 797, 808 (1996). A task is not excluded from

20    the scope of professional services simply because it does not require "any particular skill, training,

21    experience or exercise of professional judgment."  *Id.*  The test is whether the defendant was

22    rendering services for which it is licensed, not the level of skill required.  *See id.* at 806.

23    The cases Plaintiffs cite do not support Plaintiffs' contention that CVS committed ordinary

24    rather than professional negligence.  In *Flores v. Natividad Medical Center*, 192 Cal. App. 3d 1106

25    (1987), a state prisoner sued the State of California after he sustained brain damage as a result of two

26    prison doctors' negligent treatment and delay in summoning further medical aid.  The plaintiff

27    brought a cause of action for violation of Government Code Section 845.6 – under which the State

28    may be liable for an employee's failure to summon medical care for a prisoner – and in the

United States District Court

For the Northern District of California

1  alternative, for the negligence of the doctors. *Flores*, 192 Cal. App. 3d at 1115.  The doctors'

2  negligence could not be a basis for the suit because the State is not vicariously liable for the medical

3  malpractice of its employees. *Id*. at 1115.  The issue was not whether the action was for negligence

4  or professional negligence, as it is here, but rather, whether a provision of the Medical Injury

5  Compensation Reform Act, of which Section 340.5 is also part, would apply to Government Code

6  Section 845.6. *Id*. at 1114.  Like Section 340.5, the provision placed limitations on actions against a

7  "health care provider" for "professional negligence." *Id*.  The court held that the provision did not

8  apply to Section 845.6, explaining "[i]t would be . . . anomalous . . . to insulate the State from

9  liability simply because, fortuitously, the employees who failed to summon assistance were doctors

10  rather than prison personnel." *Id*. at 1117.  The court also noted that the State had not argued that it

11  was a "health care provider." *Id*. at 1116.  Thus, Section 845.6 applied.  As the focus of the court in

12  *Flores* was on the statute particular to the facts of that case, the issue presented in the case at bar was

13  not addressed in *Flores*.

14       Contrary to Plaintiffs' contention, the court in *Pino v. City of Sacramento*, 2007 WL 214451

15  (E.D. Cal. 2007), did not "recognize[] that plaintiff controlled the allegation, which was grounded in

16  ordinary negligence, despite defendant's attempt to convert the claim to one of professional

17  negligence." Opp. at 4.  The court merely stated that the plaintiff's assertion that the claim was for

18  negligence rather than professional negligence was immaterial to the existence of defendants' duty.

19  *Pino*, 2007 WL 214451 at *5, n.7.

20       The Court concludes that CVS is a "health care provider" and was rendering "professional

21  services" for which it was licensed.  Thus, Section 340.5 governs Plaintiffs' claim of negligence

22  against CVS.

23       2.    Statute Of Limitations Under Section 340.5

24            a.    What Is The "Injury"?

25       A plaintiff must commence an action under Section 340.5 no more than "one year after the

26  plaintiff discovered, or with reasonable diligence should have discovered, the injury." Civ. Pro.

27  Code § 340.5.  CVS claims that the injury was the conception, while Plaintiffs claim that the injury

28  was the birth.  The parties agree that there is no California authority that clearly decides the issue.

United States District Court

For the Northern District of California

The Court finds that the "injury" that commenced the limitations period under Section 340.5 was the conception, rather than the birth, of Plaintiffs' child. It does so for several reasons. First, the essence of Plaintiffs' complaint in the instant case is that the birth control pills were defective because they were ineffective at preventing *pregnancy*. The claim against CVS – failure to warn of the defect in time to prevent Manion's pregnancy – derives from this alleged defect. Second, in an analogous context, the California Court of Appeal has held that the statute of limitations under Section 340.5 for a sterilization operation negligently performed on a husband began to run upon knowledge of the wife's *pregnancy*, contrary to the husband's claim that it began to run upon birth. *Christ v. Lipsitz*, 99 Cal.App.3d 894, 897-98 (1979). The injury that triggered Section 340.5 was the pregnancy, rather than the birth. Third, it is established that damages are available for injuries that arise *before* birth, such as the "mental suffering attendant to the unexpected pregnancy because of the complications which may or may not result." *Custodio v. Bauer*, 251 Cal.App.2d 303, 323 (1967). Where a plaintiff brings an action against a medical professional for a failed sterilization or abortion, plaintiff is entitled, as in other tort actions, to "all foreseeable consequences of the failure" of the procedure, including pre-birth damages. *See id.*; *Stills v. Gratton*, 55 Cal.App.3d 698, 709 (1976). *See also Turpin v. Sortini*, 31 Cal.3d 220, 226-227 (1982) (discussing with apparent approval *Custodio* and *Stills*). Thus, in *Custodio*, the plaintiffs had a valid cause of action for negligent performance of a sterilization operation *before* their child's birth. Conversely, an individual has a cause of action for wrongful pregnancy even if she does not carry the pregnancy to term and give birth.[1]

The cases Plaintiffs cite do not support their contention that the injury is birth rather than pregnancy. As noted above, *Custodio* held that the plaintiffs could recover damages for a sterilization procedure that was negligently performed, even if the child was born healthy, as

---

[1] CVS cites an Arizona Supreme Court decision to support their argument that the injury is the conception rather than birth, but the decision does not go so far. It merely describes a "wrongful pregnancy/conception" action as an action in which "parents of a normal but unplanned child seek damages either from a physician who allegedly was negligent in performing a sterilization procedure or abortion, or from a pharmacist or pharmaceutical manufacturer who allegedly was negligent in dispensing or manufacturing a contraceptive prescription or device." *Walker by Pizano v. Mart*, 164 Ariz. 37, 39 (1990). The opinion does not define the injury that triggers the statute of limitations. For convenience, this definition of "wrongful pregnancy" will be used hereinafter.

United States District Court

For the Northern District of California

1   opposed to born with mental or physical defect.[2]  Another case Plaintiffs cite, *Stills*, *supra*, simply

2   confirmed that "the usual damages recoverable under established tort principles" were available in

3   wrongful pregnancy actions, no different from other malpractice actions.  *Stills*, 55 Cal.App.3d at

4   708.

5          Plaintiffs also refer to their cause of action as "wrongful birth."  Opp. at 6.  Although courts

6   and commentators have not always been consistent with terminology, "wrongful birth" refers to

7   "claims brought by parents . . .  against medical professionals whose negligence  proximately caused

8   the birth of hereditarily afflicted children."  *Turpin v. Sortini*, 31 Cal.3d 220, 225 (1982).  Even in

9   wrongful birth cases, there seems to be no California authority that establishes when the statute of

10  limitations begins to run.  CVS acknowledges a Washington case where the court held that the

11  statute of limitations for wrongful birth actions ran from the birth.  The court explained:

12          Until [] birth, a plaintiff cannot know whether she will miscarry or
        whether the child will be born alive, without defect.  Nor can the
13      parents know the extent of defects.  In other words, until the birth the
        parents cannot know whether the physician breached his duty not to
14      contribute to the birth of a deformed child.  *Quimby v. Fine*, 45 Wash.
        App. 175, 179 (1986).

15

16  By contrast, in wrongful *pregnancy* actions, parents know of the alleged breach once the child is

17  conceived; the claim accrues at the time the parents are aware of the pregnancy.  The essence of

18  Plaintiffs' claim herein is wrongful pregnancy, not wrongful birth.  *See* Compl. ¶¶ 13, 32, 36.

19         The Court rejects Plaintiffs' assertion at the hearing that they could confine their cause of

20  action to one for wrongful birth (and not wrongful pregnancy) if they claimed only damages that

21  occurred after the birth, and not before.  Given that birth is not a necessary element of a wrongful

22  pregnancy action, to permit this recharacterization would allow the plaintiffs unilaterally to avoid

23  the statute of limitations simply by claiming damages for a shorter period.  The statute of limitations

24  cannot be so easily circumvented especially where the essence of the claim is not wrongful birth

25  involving a hereditarily afflicted child, but a wrongful pregnancy.  The general rule is that statutes of

26

27         [2]  Until then, for reasons of public policy, courts were unwilling to recognize that the birth of
28  a healthy child was anything but a "blessed event."  *Custodio*, 251 Cal.App.2d at 321; *see also*
    William Lloyd Prosser, *et al.*, Prosser and Keeton on Torts 372 (5th ed. 1984).

United States District Court

For the Northern District of California

1  limitations begin to run when "the wrongful result occurs." *See Norgart v. Upjohn Co.*, 21 Cal.4th

2  383, 397 (1999).  The wrongful result here is conception, not birth.

3       For the reasons above, the Court finds that the "injury" for the purpose of Section 340.5 was

4  the conception.

5              b.     <u>When Did The Statute Of Limitations Begin To Run?</u>

6       "Possession of 'presumptive' as well as 'actual' knowledge commences the running of the

7  statute." *Sanchez v. S. Hoover Hosp.*, 18 Cal.3d  93, 101 (1976).  "[P]laintiffs are charged with

8  presumptive knowledge of an injury if they have information of circumstances to put them on

9  inquiry or if they have the opportunity to obtain knowledge from sources open to their

10  investigation." *Fox v. Ethicon Endo-Surgery, Inc*., 35 Cal. 4th 797, 808  (2005) (citing *Sanchez*, 18

11  Cal.3d at 101).

12       Plaintiffs had presumptive, if not actual, knowledge of Manion's pregnancy at least one year

13  before they filed the initial complaint on May 23, 2012.  Plaintiffs do not plead when they

14  discovered Manion's pregnancy.  However, by May 23, 2012, Plaintiffs had been put on inquiry that

15  the pills might have been ineffective at preventing pregnancy, because they had received the notice

16  from CVS six months earlier.  The physical symptoms attendant to pregnancy further put Plaintiffs

17  on inquiry.  As pointed out by CVS, the date of conception was no later than September 26, 2011,

18  since Plaintiffs plead that CVS's failure to notify them of the defect before this date was a cause of

19  their injury.  Mot. at 6; FAC ¶ 36.  It follows that, by May 23, 2012, Manion was at least 34 weeks

20  into her pregnancy.  If not already obvious, Manion could have easily confirmed her pregnancy

21  through a pregnancy test.

22       One can reasonably conclude that Plaintiffs discovered, or "through the use of reasonable

23  diligence should have discovered," Manion's pregnancy before May 23, 2012.

24  C.    <u>Leave to Amend</u>

25       The "discovery rule" postpones the running of the statute of limitations "until the plaintiff

26  discovers, or has reason to discover the cause of action." *Fox*, 35 Cal.4th at 807.  "A plaintiff whose

27  complaint shows on its face that his claim would be barred without the benefit of the discovery rule

28  must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to

1   have made earlier discovery despite reasonable diligence." *Id.* at 808 (citing *McKelvey v. Boeing*

2   *North American, Inc.*, 74 Cal. App. 4th 151, 160 (1999)).

3         Section 340.5 codifies the discovery rule. *See id.* (giving Section 340.5 as an example where

4   the legislature codified the discovery rule). (Section 340.5 also sets an upper bound of 3 years from

5   the date of injury, discovery or no discovery.) Without the benefit of the discovery rule, the statute

6   of limitations would have started running upon the conception of Plaintiffs' child, barring Plaintiffs'

7   claim. Plaintiffs are permitted leave to amend, only to plead, in accordance with *Fox*, additional

8   facts showing when and how Plaintiffs discovered Manion's pregnancy, and, if they were unable to

9   discover the pregnancy despite reasonable diligence, explain why. While the Court is skeptical of

10  Plaintiffs' ability to plead facts sufficient to invoke the discovery rule to avoid the statute of

11  limitations since she appears to have been 34 weeks into her pregnancy at the time the one year

12  limitations period began, it will give them one opportunity to do so.

13        The Court **GRANTS** CVS's motion to dismiss with leave to amend.

14        This order disposes of Docket No. 21.

15

16        IT IS SO ORDERED.

17

18  Dated: October 16, 2013

19                               _____

20                               EDWARD M. CHEN
                              United States District Judge

21

22

23

24

25

26

27

28